IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 3:10-00247 |
| | ) | Judge Trauger |
| JESSICA POTTS | ) | |

# MEMORANDUM and ORDER

Defendant Potts has filed a Motion to Sever Defendants (Docket No. 31) and a Motion to Sever Counts (Docket No. 32), to which the government has responded in opposition (Docket No. 43).

Federal Rule of Criminal Procedure 8(b) concerns the joinder of defendants and states that, "the indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Rule 8(b) is generally interpreted to require only a "logical interrelationship" between the acts and transactions alleged and the parties involved. *United States v. Lloyd*, 10 F.3d 1197, 1214-15 (6th Cir. 1993). Rule 8 is to be construed "in favor of joinder" and applied based upon the facts stated in the indictment; however, the district court has no discretion to deny a motion to sever in the event of misjoinder. *United States v. Hatcher*, 680 F.2d 438, 440-41 (6th Cir. 1982); *United States v. Frost*, 125 F.3d 346, 389 (6th Cir. 1997)

Even if all defendants are properly joined, the court still has discretion to sever or take

other remedial action. Indeed, Federal Rule of Criminal Procedure 14 states that, "if the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trial of counts, sever the defendants' trials, or provide any other relief that justice requires." The burden on the defendant to demonstrate the propriety of severance under Rule 14 is quite high; that is, there generally must be "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence," in order to justify the expense, inconvenience, and judicial uncertainty caused by multiple trials in the case of defendants who were properly joined under Rule 8(b). *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Here, there is a logical inter-relationship between both the offenses and the defendants. One of the firearms alleged in Count Three, the Glock 45 caliber pistol, matches the firearm that the defendants are charged with carrying, brandishing and discharging during the robbery charged in Counts One and Two. Moreover, the firearms alleged in Counts Three and Four were found in the execution of a search warrant related to the robbery charged in Counts One and Two.

As to the defendant's arguments under *Bruton* and *Crawford*, the defendant's own admissions are much more damaging to her than the one statement made by her co-defendant, Thomas Schroeder. The only statement furnished to the court made by Mr. Schroeder that implicates defendant Potts is that "the guns that were in the house were purchased by his girlfriend at Gun City and Guns and Leather." (Docket No. 40-1 at 3-4) Should the government seek to introduce statements made by defendant Schroeder against him at a joint trial, a simple redaction of this sentence from his statements will cure any possible prejudice to defendant Potts

2

of the admission of Schroeder's statements.

Neither motion filed by defendant Potts meets the standard requiring severance.

Therefore, the Motions to Sever filed by defendant Potts (Docket Nos. 31, 32) are **DENIED**.

It is so **ORDERED**.

ENTER this 31st day of May 2011.

_____
ALETA A. TRAUGER
U.S. District Judge